EXHIBIT A
TO NOTICE OF REMOVAL

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO  80202<br>303-606-2300 | DATE FILED: May 12, 2020 11:42 AM<br>FILING ID: E382ADCA5CBBE<br>CASE NUMBER: 2020CV31644 |
| Plaintiff:    **HEIDI WINTER**<br><br>v.<br><br>Defendants:   **BROE MANAGEMENT COMPANY, LLC, a Colorado limited liability company, and PAT BROE, an individual** | ▲ COURT USE ONLY ▲ |
| Juli E. Lapin, No. 14175<br>Robinson Waters & O'Dorisio, P.C.<br>1099 18th Street, Suite 2600<br>Denver, CO  80202-1926<br>T:     303-297-2600<br>F:     303-297-2750<br>E:     juli@rwolaw.com<br>*Counsel for Plaintiff* | Case No.<br><br>Ctrm |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Heidi Winter, by and through her counsel, Juli E. Lapin, of Robinson Waters & O'Dorisio, P.C., for her Complaint and Jury Demand against Defendants Broe Management Company, LLC and Pat Broe, individually, states and avers as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, Heidi Winter ("Ms. Winter" or "Plaintiff"), brings this action against Defendant, Broe Management Company, LLC ("Broe" or the "Company"), for violations of the Colorado Anti-Discrimination Act, C.R.S. §§ 24-34-401, et seq., including employment discrimination based upon sex and age and retaliation for engaging in a protected activity, and against Defendant Pat Broe, individually, for outrageous conduct.

2. Broe recruited and hired Ms. Winter, who was a 58-year-old woman at the time, on June 1, 2018, to serve as Executive and Personal Assistant to Pat Broe, CEO of Broe.  Prior to accepting the job at Broe, Ms. Winter worked successfully for many years in sensitive assignments requiring a wide range of talents and responsibilities.  During her tenure at Broe,

Ms. Winter competently performed her many and diverse job responsibilities in a timely and efficient manner.

3. Despite Ms. Winter's achievements, Pat Broe was routinely verbally abusive, manipulative, and demeaning toward Ms. Winter, and subjected her to outrageous conduct including screaming tirades, cursing, and throwing things. Pat Broe's severe, pervasive and persistent conduct toward Ms. Winter was directed at her because of her sex and age. On February 22, 2019, Broe summarily discharged Ms. Winter, claiming that she had resigned, just hours after Ms. Winter engaged in protected activity in reporting to Karen Lam, Broe's Human Resources representative, how particularly abusive and inappropriate Pat Broe's behavior had been to her that week.

## PARTIES, JURISDICTION AND VENUE

4. Ms. Winter resides in Denver, Colorado, and is an employee as defined by C.R.S. § 24-34-401(2).

5. Broe is a limited liability company with its principal place of business at 252 Clayton Street, 4th Floor, Denver, Colorado 80206, and is an employer as defined by C.R.S. § 24-34-401(3).

6. Pat Broe is an individual who, upon information and belief, serves as the Chief Executive Officer of Broe, and resides at 2800 East Cedar Avenue, Denver, Colorado 80209.

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c) and this Court has jurisdiction over Defendants, because Defendants reside in, and the actions complained of occurred in, the City and County of Denver.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

8. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

9. On June 11, 2019, Ms. Winter filed her Charge of Discrimination Numbers FE2019438934 and 32A-2019-00593 with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Division ("EEOC"), respectively, for sex and age discrimination and retaliation for engaging in protected activity. The CCRD issued Plaintiff a Notice of Right to Sue on February 13, 2020, and Plaintiff has filed the present action within ninety (90) days of that date.

10. Ms. Winter has fulfilled all administrative prerequisites to filing this action.

## FACTUAL ALLEGATIONS

11. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

12. Broe hired Ms. Winter on June 1, 2018, to serve as Executive and Personal Assistant to Pat Broe, CEO of Broe.

13. Ms. Winter's responsibilities at Broe were, among other things, to supervise other employees; lead the executive support team, plan and schedule corporate and political events; manage matters involving Company-owned properties and private aircraft; support Broe family members in arranging private travel, meetings and events, and personal and professional appointments; oversee personal shopping and gift giving; and be available around the clock to research or manage any interest or whim Pat Broe demanded she handle.

14. At all times during her employment, Ms. Winter performed her job satisfactorily or better.

15. Ms. Winter was one of only six female employees over the age of 40, and she was the only female employee over 40 who worked in the office answering and reporting directly to Pat Broe.

16. Shortly after she started working for the Company, Ms. Winter became the brunt of Pat Broe's volatile, angry and abusive personality. He blamed his distractibility and forgetfulness on Ms. Winter, and became more and more manipulative, demeaning and abusive toward her in front of her co-workers.

17. Mr. Broe subjected Ms. Winter to conduct that was so severe or pervasive that it created an unwelcome, intimidating and hostile work environment that interfered with the terms and conditions of Ms. Winter's employment.

18. Ms. Winter had years of experience working for difficult people in highly sensitive situations and did her best to perform her duties, believing she could win over Pat Broe, even while withstanding his abusive behavior; however, Ms. Winter's composure enraged Pat Broe further.

19. At the end of October 2018, Ms. Winter became gravely ill. She was admitted to the hospital and remained in intensive care for five days.

20. When she was cleared to return to work after short-term disability, Pat Broe immediately resumed his abuse, screaming that she was "incompetent, overpaid, and worthless."

21. Ms. Winter refused to engage with him and tried to rise above the abuse. Pat Broe's reaction was, "You're nothing to me. How could you fix anything? You f--- up

everything. You just got 5 weeks off--you really piss me off. You make me mad all the time. You're a 50% person. You just give me half."

22. Pat Broe's public and very personal abuse of Ms. Winter continued. He regularly screamed at her, sometimes in front of others that she was a, "f---ing idiot." He became more and more manipulative, demeaning and abusive of Ms. Winter, treating her differently than he treated men and younger women in the office. Pat Broe blamed Ms. Winter for everything that he forgot, including his personal engagements with his wife.

23. Pat Broe repeatedly yelled obscenities at Ms. Winter and demeaned and humiliated her, trying to cause her to break down. He slammed his telephone onto the desk with such force that it bounced across the room.

24. In an all-male executive meeting of Company officers, Pat Broe screamed, pounded the desk and cursed about Ms. Winter, whose office was on the other side of a glass partition, knowing she could see and hear everything.

25. All of the officers got up and left the meeting in apparent disgust at Pat Broe's behavior. One of them walked into Ms. Winter's office, from which she had seen and heard the display, and said he hoped she would stay. Ms. Winter continued to do her best under the adverse circumstances.

26. Pat Broe did not direct the severe, pervasive and demeaning behavior he directed at Ms. Winter toward males or younger women in the office.

27. In December of 2018, Ms. Winter complained to Karen Lam, the HR Director for the Company, about Pat Broe's abusive and discriminatory behavior toward her. Ms. Winter described Pat Broe's conduct in detail and told Ms. Lam that she wanted it to stop and to be treated with respect.

28. The Company did not take effective action to stop the demeaning and humiliating conduct Pat Broe directed toward Ms. Winter. The Company brought in a representative of an executive leadership who developed a plan for Pat Broe and Ms. Winter's interaction so that Ms. Winter could feel safe and Broe would have guidelines on how to act appropriately towards her.

29. Pat Broe disregarded the plan and continued his public and very personal abuse and shaming of Ms. Winter.

30. Pat Broe's conduct was particularly abusive toward Ms. Winter the last week of her employment. He repeatedly called her a "f---ing idiot" and "half a person." He shamed and demeaned her in front of the employees she supervised and the Company officers, all but one of whom were either male and/or under the age of 40.

31. On Friday of that week, February 22, 2019, Karen Lam stopped in to see how Ms. Winter was doing. Ms. Winter reported to Ms. Lam that Pat Broe had been extremely abusive to her that week, had yelled at her in rage, and made personal attacks against her with extreme cruelty in front of her co-workers.

32. At approximately 4:00 p.m. on February 22, 2019, Ms. Winter sent an email to her co-workers letting them know that she was leaving the office, but that, as always, she was available by telephone and email. Pat Broe, and several others were not in the office that afternoon.

33. That evening, Ms. Lam reported to the Company's Vice President/Controller, Mark Richter, that Ms. Winter had complained about Pat Broe's abusive behavior toward her as an older woman.

34. Upon information and belief, Mr. Richter advised Pat Broe that the Company could deem Ms. Winter's email a resignation of her employment.

35. That evening, Ms. Lam called Ms. Winter at home and told her the Company had accepted her resignation.

36. Ms. Winter told Ms. Lam that she had not resigned and she forwarded to Ms. Lam the email she had sent to her co-workers.

37. Ms. Winter received a call from the Company's legal counsel, Bill Leonard, over the weekend. Mr. Leonard told Ms. Winter that the Company knew she had not resigned and that he would recommend that a consultant be brought in to try to "get things back on track."

38. The Company's next action was to shut off Ms. Winter's access to the Company computer network and email.

39. The Company replaced Ms. Winter with a woman of approximately 30 years of age.

**FIRST CLAIM FOR RELIEF**
**(Sex Plus Age Discrimination in Violation of the Colorado Anti-Discrimination Act as to Defendant Broe Management Company, LLC)**

40. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

41. As a female, Ms. Winter is a member of a protected class pursuant to C.R.S. § 24-34-402(a).

42. As a person over 40, Winter is a member of a protected class pursuant to C.R.S. § 24-34-402(a).

43. While she was employed by Broe, the Company subjected Ms. Winter to severely demeaning treatment, unlike that imposed on younger women or men, creating a hostile work environment.

44. The harassment of Ms. Winter was ongoing, persistent and continuous. Pat Broe's conduct towards Ms. Winter, as an older woman, was subjectively and objectively abusive, severe and humiliating. It altered the conditions of Ms. Winter's employment and created a hostile work environment.

45. Ms. Winter's reports of Pat Broe's abusive conduct towards her ultimately resulted in the Company terminating her employment.

46. Other executive level employees witnessed Pat Broe's offensive and brutal treatment of Ms. Winter; however, the Company did not take reasonable care to prevent or correct the harassment Pat Broe directed to Ms. Winter based on her sex and age.

47. The acts and omissions by the Company allowed the hostile work environment to exist.

48. The Company knew its acts and omissions with respect to Pat Broe's treatment of Ms. Winter violated CADA and/or the Company was recklessly indifferent about violating Ms. Winter's rights under CADA.

49. The Company is liable to Ms. Winter for the abuse Pat Broe directed at her based on her sex and age.

50. The Company's actions and inactions caused Ms. Winter to suffer damages including but not limited to lost income and benefits from her wrongful termination; emotional distress, humiliation, embarrassment and degradation; and attorney fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Wrongful Discharge Based on Sex and Age in Violation of the Colorado Anti-Discrimination Act ("CADA") as to Defendant Broe Management Company, LLC)**

51. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

52. Ms. Winter was qualified for her position, which she performed satisfactorily at all times during her employment with the Company.

53. The Company terminated Ms. Winter after she complained of Pat Broe's abusive treatment of her based on her sex and age, and replaced her with a woman under the age of 40.

54. In terminating Ms. Winter, the Company engaged in an unlawful employment practice in violation of C.R.S. § 24-34-402(1)(a) of CADA.

55. The Company's explanation for Ms. Winter's separation of employment is unworthy of belief and is a pretext for illegal discrimination based on Ms. Winter's sex plus age.

56. The Company intentionally subjected Ms. Winter to Pat Broe's abusive and demeaning conduct based on her sex plus age and it knew its acts and omissions violated CADA and/or the Company was recklessly indifferent about violating Ms. Winter's rights under CADA.

57. The sex plus age-based conduct and the Company's acts and omissions caused Ms. Winter to suffer damages including lost income and benefits; emotional distress, humiliation, embarrassment, and degradation; and attorney fees and costs.

### THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of the Colorado Anti-Discrimination Act ("CADA") as to Defendant Broe Management Company, LLC)

58. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

59. Ms. Winter engaged in activities and speech in opposition to sex plus age-based conduct prohibited by CADA by reporting Pat Broe's abusive and discriminatory conduct toward her to Company executives and the HR director.

60. Ms. Winter engaged in such protected opposition because she had a reasonable and good faith belief that she was the victim of a hostile workplace based upon her sex and age.

61. The Company committed the ultimate adverse employment action against Ms. Winter by terminating her employment in retaliation for expressing her opposition to Pat Broe's abusive and discriminatory conduct towards her.

62. The Company thereby deprived Ms. Winter of rights and privileges enjoyed by other employees who had not engaged in activities protected by CADA.

63. The Company intentionally retaliated against Ms. Winter for engaging in activities protected by CADA, knowing or in reckless disregard of the fact that it was violating Ms. Winter's rights under CADA.

64. The Company's retaliatory termination of Ms. Winter and its other acts and omissions with respect to the terms and conditions of Ms. Winter's employment caused Ms.

Winter to suffer damages including lost income and benefits; emotional distress, humiliation, embarrassment, and degradation; and attorney fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Outrageous Conduct-Emotional Distress Against Pat Broe, Individually)

65. Ms. Winter adopts and repleads all allegations of the previous paragraphs of this Complaint.

66. Pat Broe engaged in extreme and outrageous conduct toward Ms. Winter during her employment at the Company, including cursing her, demeaning her, shaming her in front of her peers and the workers she supervised, and constantly blaming, berating and manipulating her.

67. The conduct Pat Broe directed to Ms. Winter was so outrageous and extreme that reasonable members of the community would consider his behavior to be intolerable in a civilized society.

68. Pat Broe engaged in such conduct recklessly or with the intent of causing Ms. Winter severe emotional distress.

69. Pat Broe knew or should have known that his conduct would cause Ms. Winter emotional distress.

70. Pat Broe has caused Ms. Winter severe emotional distress and pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Heidi Winter prays for judgment in her favor and against Defendants and award damaged to Plaintiff as follows, all in amounts to be proven at trial:

A. Damages for back pay and benefits, front pay and benefits;

B. Compensatory damages;

C. Attorney fees and costs;

D. Pre and post-judgment interest;

E. Such other and further relief as this Court deems just and proper.

## PLAINTIFF DEMANDS A JURY ON ALL CLAIMS SO TRIABLE

**Robinson Waters & O'Dorisio, P.C.**

*s/ Juli E. Lapin*
Juli E. Lapin, No. 14175
*Counsel for Plaintiff*

Address of Plaintiff:

3334 South Oneida Way
Denver, CO 80224